106 F.3d 400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis BERKEY, Petitioner-Appellant,
v.
John MAKOWSKI, et al., Respondents-Appellees.
 No. 96-1051.
 United States Court of Appeals, Sixth Circuit.
 Jan. 14, 1997.
 
 Before: MARTIN, Chief Judge; ENGEL and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dennis Berkey was convicted of first-degree murder and conspiracy to commit first-degree murder and was sentenced to mandatory, non-parolable life in prison. After exhausting all state avenues of appeal, Berkey sought habeas relief in federal district court. Berkey now appeals the district court's dismissal of his petition for writ of habeas corpus.
 
 
 2
 The facts of this case were presented by the magistrate and the district court in detail, and thus, there is no need to repeat them here. Berkey essentially contends that his petition for habeas should be granted, and the district court reversed, because he was denied a fundamentally fair trial. In support of that contention, he cites four alleged constitutional errors which purportedly led to his conviction: (1) a prosecution witness's reference to Berkey's polygraph examination; (2) the prosecution's vouching for the truthfulness of the key witness, Donna Shudell; (3) the prosecution's comments on Berkey's failure to testify, which the trial court allowed the prosecution to make under the "fair response" doctrine; and (4) the cumulative effect of these errors.
 
 
 3
 Each of the errors enumerated by Berkey fall within the definition of "trial error": error occurring "during the presentation of the case to the jury." Brecht v. Abrahamson, 507 U.S. 619, 629, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting Arizona v. Fulminante, 499 U.S. 279, 307-08, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). For a constitutional trial error to merit habeas relief, the error must have "had a substantial and injurious effect or influence in determining the jury's verdict." Id. at 638. If this Court "is in grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict,' that error is not harmless[,] [a]nd the petitioner must win." O'Neal v. McAninch, --- U.S. ----, ----, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995).
 
 
 4
 Moreover, the standard does not foreclose habeas relief in the rare case in which "a deliberate and especially egregious error of the trial type, or one that is combined with a pattern of prosecutorial misconduct, might so infect the integrity of the proceeding as to warrant the grant of habeas relief, even if it did not influence the jury's verdict." Brecht, 507 U.S. at 638 n. 9. Nevertheless, we find that this is not one of those rare cases. Moreover, even when considered collectively, none of the grounds cited by Berkey meet the "substantial and injurious effect" standard. Thus, we agree with the district court's detailed and well-reasoned opinion and find that habeas relief is not warranted in this case.
 
 
 5
 Accordingly, the judgment of the district court is affirmed.